IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF MAX AND JOYCE ELIASON and Max D. Eliason who is a protected person ME,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, et al.,<br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS AND ENTERING VEXATIOUS LITIGANT ORDER<br><br><br>Case No. 2:23-cv-785-TS-CMR<br><br>Judge Ted Stewart |

This case is before the Court on Defendant Parsons Behle and Latimer's Motion to Dismiss,[1] Defendants Judge Robert Faust and Judge Adam Mow's Motion to Dismiss,[2] and Defendant Judge Robert Shelby's Motion to Dismiss.[3] For the reasons discussed herein, the Court will grant each of the Motions and dismiss the case in its entirety. Additionally, the Court will enter a vexatious litigant order against Brett L. Eliason.

## I. BACKGROUND

Brett L. Eliason ("Eliason") filed this suit on behalf of the Estate of Max and Joyce Eliason and his father, Max D. Eliason.[4] The Complaint states that the suit is "filed under the laws of RICO and Res Ipsa Loquitur"[5] against the following Defendants: the Corporation of the

---

[1] Docket No. 3.

[2] Docket No. 4.

[3] Docket No. 42.

[4] Docket No. 1, at 5.

[5] Id. at 1.

President of the Church of Jesus Christ of Latter Day Saints; Kirton McConkie, PC ("Kirton");

Parsons Behle & Latimer ("Parsons"); the Honorable Judge Robert Faust; the Honorable Judge

Robert Shelby; the Honorable Judge Adam Mow; and John and Jane Does to be Added.[6] The

Complaint also alleges "a criminal and intentional Breach of Fiduciary Duty" against Kirton.[7]

The Complaint arises out the creation of trusts and handling of the estate of Max and

Joyce Eliason beginning in or around 2013. The Complaint asserts the following against Kirton

related to its involvement in the creation of trusts and handling of the estate: a conflict of interest

involving the Board of Directors; a conflict of interest regarding its representation of Lisa

Stephens as a beneficiary;[8] failure to protect trust assets; breach of fiduciary duties; and that

Kirton attorney Craig McCullough forged Max Eliason's signature in probate court. The

Complaint and affidavits also allege that Mr. Eliason engaged Parsons for legal representation

related to these issues, and that Parsons committed fraud in its handling of the case.[9] It is unclear

whether this is the same complaint or involved the same allegations as the civil lawsuit filed by

Mr. Eliason in Utah Third District Court before the Honorable Judge Faust in October 2023.[10]

The Complaint here alleges that in the Third District case, Judge Faust refused to "permit a

complaint of this magnitude to be heard in open court."[11] Later in 2019, Mr. Eliason filed suit in

the District of Utah, over which Judge Shelby presided. The Complaint alleges that Judge Shelby

committed "felony aiding and abetting" when he dismissed the case.[12] The Complaint also

---

[6] *Id.* at 1.

[7] *Id.* at 2.

[8] *Id.* at 4.

[9] *Id.* at 6.

[10] *Id.* at 3.

[11] *Id.* at 6.

[12] *Id.* at 6.

alleges that Judge Mow, who presided over another lawsuit involving Mr. Eliason in Utah Third District Court, "dismissed this Criminal RICO filing with prejudice."[13]

## II. DISCUSSION

### A. Motions to Dismiss

When evaluating a complaint under Rule 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[14] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[15] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[17] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18]

Further, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] "Each allegation must be simple concise, and direct."[20] "Rule 8 serves the important purpose of

---

[13] *Id.*

[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

[17] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Id.* 8(d)(1).

requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[21]

The Court will address the three Motions to Dismiss in turn below.

A. Parsons Motion

Defendant Parsons challenges Mr. Eliason's standing to file suit on behalf of Max D. Eliason and the Estate of Max D. Eliason and Joyce Eliason. Mr. Eliason is not a named party in the suit and lists himself as "agent."[22] Under DuCivR 83-1.3(c)(1), "[i]ndividuals may represent themselves."[23] Mr. Eliason is not representing himself and has filed this suit on behalf of the named Plaintiffs. Mr. Eliason is not an attorney and therefore has no authority to appear on behalf of others. Mr. Eliason cannot file a case pro se on behalf of Plaintiffs and cannot represent their legal interests.

Next, Parsons asserts that the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).[24] The Complaint alleges violation of the Racketeer Influence and Corrupt Organizations Act ("RICO").[25] "RICO provides a private right of action in federal court for individuals injured in their business or property through fraudulent conduct."[26] RICO can encompass many "traditional common law fraud claims if the requisite pattern and entity

---

[21] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also Twombly*, 550 U.S. at 555 (concluding that the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests").

[22] Docket No. 1-7.

[23] *See also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their *own* cases personally or by counsel.") (emphasis added).

[24] Docket No. 3, at 6.

[25] 18 U.S.C. § 1961 *et seq*.

[26] *Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014).

requirements are met."[27] To prove a claim under RICO, a complaint must plausibly allege that

the defendants "'(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of

racketeering activity.'"[28]

Under RICO, "'enterprise' includes any individual, partnership, corporation, association

. . . or group of individuals associated in fact although not a legal entity."[29] While the Complaint

contains a number of allegations against the named Defendants, it fails to connect the conduct to

a single enterprise or allege that the defendants were "functioning as a continuing unit."[30]

Further, the Complaint fails to allege a pattern of racketeering activity under RICO. A

pattern requires at least two predicate acts committed within ten years of each other.[31] The

Complaint does not identify any specific illegal acts that would qualify as predicate acts. As

such, the Complaint also fails to make the required showing of a relationship between the

predicate acts and a threat of continuing activity.[32] Accordingly, the Court finds that the

Complaint fails to allege a plausible RICO claim against any of the Defendants and will

therefore dismiss the claim.

---

[27] *Id.*

[28] *Johnson v. Heath*, 56 F.4th 851, 858 (10th Cir. 202) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016)).

[29] 18 U.S.C. § 1961(4).

[30] *Lynn v. Brown*, 803 F. App'x 156, 160 (10th Cir. 2020) (unpublished); *see also Boyle v. United States*, 556 U.S. 938, 994–95 (2009) (defining an association-in-fact enterprise as a "group of persons associated together for a common purpose of engaging in a course of conduct," which is demonstrated "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.").

[31] *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003) ("A pattern of racketeering activit[ies] must include commission of at least two predicate acts.").

[32] *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

B. Judge Faust and Judge Mow Motion

Even if the Complaint alleged a plausible RICO claim, the Court finds that Judge Faust

and Judge Mow are judicially immune from the claims alleged in this suit.

"Few doctrines were more solidly established at common law than the immunity of

judges from liability for damages for acts committed within their judicial jurisdiction."[33]

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."[34]

Further, "judicial immunity is not overcome by allegations of bad faith or malice."[35]

> It is a judge's duty to decide all cases within his [or her] jurisdiction that are
> brought before him [or her], including controversial cases that arouse the most
> intense feelings in the litigants. His [or her] errors may be corrected on appeal, but
> he [or she] should not have to fear that unsatisfied litigants may hound him [or
> her] with litigation charging malice or corruption. Imposing such a burden on
> judges would contribute not to principled and fearless decisionmaking but to
> intimidation.[36]

The allegations against Judge Mow and Judge Faust arise from actions taken in their

official judicial capacities. Therefore, the judicial immunity doctrine applies, and Judge Faust

and Judge Mow are immune from suit in this case.

C. Judge Shelby Motion

Defendant Judge Shelby also moves for dismissal on the basis of judicial immunity. The

Complaint alleges that Judge Shelby committed felony aiding and abetting when he dismissed a

lawsuit in 2019 relating to the handling of Max D. and Joyce Eliason's estate.[37] For the same

---

[33] *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see also Bradley v. Fisher*, 80 U.S. 335, 347 (1871) (adopting the doctrine of judicial immunity).

[34] *Mireles v. Waco*, 502 U.S. 9, 11 (1991);

[35] *Id.*; *see also Pierson*, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.").

[36] *Pierson*, 386 U.S. at 554.

[37] Docket No. 1, at 6.

reasons as stated above, the Court finds that Judge Shelby is judicially immune from the

allegations in this suit as they involve actions taken in Judge Shelby's official judicial capacity.

These claims would also be subject to dismissal for failure to state a claim because criminal

statutes do not provide a private cause of action.[38]

   D. Remaining Claims

   Any remaining claims alleged in the Complaint are barred by the *Younger*[39] abstention

doctrine. *Younger* abstention is triggered when there is an ongoing state proceeding that falls into

one of the following categories: "(1) state criminal prosecutions, (2) civil enforcement

proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of

the state courts' ability to perform their judicial function."[40] This case falls into the third

category as Mr. Eliason seeks relief that would interfere with state court proceedings.[41]

   Three factors are relevant to a district court's determination as to whether abstention is

required under *Younger*: "(1) there is an ongoing state criminal, civil, or administrative

proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal

complaint, and (3) the state proceedings involve important state interests, matters which

traditionally look to state law for their resolution or implicate separately articulated state

---

[38] *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (affirming dismissal of claims under 18 U.S.C. §§ 241–42 because these statutes "do not provide for a private civil cause of action").

[39] *Younger v. Harris*, 401 U.S. 37 (1971)

[40] *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023).

[41] *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 672 (10th Cir. 2020).

policies."[42] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[43]

Mr. Eliason has multiple ongoing state court proceedings involving the same subject matter and claims at issue here. The ongoing state cases are: Utah state court case number 230908673 against Kirton and others, alleging the same fraud and conflicts of interest asserted in this case; Utah state court case number 230908873 naming Bryan Stephens as a defendant, but based upon claims relating to the estate of Max D. and Joyce Eliason as asserted in this case; Utah state court case number 230908382 naming Kirton and attorney Craig McCullough as defendants and asserting claims of breach of fiduciary duty and conflicts of interest relating to the estate of Max D. and Joyce Eliason; and Utah state court case number 233902534 naming Kirton, Judge Robert Faust, the Corporation of the Church of Jesus Christ of Latter Day Saints, and Parsons as defendants and asserting similar claims of fraud relating to the estate of Max D. and Joyce Eliason. These cases provide an adequate forum to hear the claims raised here. Finally, the issues presented involve important state interests because the State of Utah has an interest in probate, trusts, and estates.[44] Therefore, the Court concludes that *Younger* abstention is required.

Further, for Mr. Eliason's state court cases that are not ongoing, the claims here challenging those state-court judgments are barred by the *Rooker-Feldman* doctrine.[45] This

---

[42] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n* , 319 F.3d 1211, 1215 (10th Cir. 2003) (internal quotation marks and citation omitted).

[43] *Id.*

[44] *See Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352–53 (4th Cir. 2005) ("[T]he law of probate, trusts, and estates—allocating the person property of citizens—remains an important interest of the states for *Younger* purposes."); *Witco Corp. v. Beekhuis*, 38 F.3d 682, 689 (3d Cir. 1994) ("Probate law, like real estate law and domestic relations law, has traditionally been within the province of the individual states.").

[45] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[46]

Finally, "[w]hen all federal claims have been dismissed, the court may, and usually should decline to exercise jurisdiction over any remaining claims."[47] This case was brought under the Court's federal question jurisdiction and based on the dismissal of the RICO claims against Defendants, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. Based on the foregoing, the Court will dismiss the case in its entirety.

E. Restricted Filer Designation

Even though the Court will dismiss this matter, the Court may still impose filing restrictions on Mr. Eliason for his conduct in this and other cases.[48] "A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."[49] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[50] "Litigiousness alone will not support an injunction restricting filing activities."[51] "However, injunctions are proper where the litigant's abusive and lengthy history is properly set

---

[46] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotation marks and citation omitted).

[47] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

[48] *See Judd v. Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000) ("Even though we lack jurisdiction to consider the merits of this appeal, we have jurisdiction to impose filing restrictions on [the plaintiff] for his conduct in this and other cases.").

[49] *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[50] *Id.* at 353 (citation omitted).

[51] *Id.*

forth."[52] "Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant received notice and an opportunity to oppose the court's order before it is instituted."[53]

Mr. Eliason has a lengthy history of abusive litigation. Mr. Eliason filed this case on October 30, 2023. Since then, Mr. Eliason has filed four additional cases in the United States District Court for the District of Utah.[54] Each of these cases are related to the handling of Mr. Eliason's parents' estate and subsequent litigation. For example, in Case No. 2:24-cv-00064, Mr. Eliason filed a case listing the Estate of Max and Joyce Eliason as the plaintiff and named The Department of Justice, the Honorable Judge Cecilia M. Romero, and Attorney General Sean Reyes, as defendants. The claims therein were based on rulings in the present case. This is a common theme among Mr. Eliason's filings: if he does not like a ruling or filing in one case, he files suit against the judge and/or parties involved in the prior case, instead of going through the appropriate appellate process. In addition to these pending cases, Judge Shelby dismissed a suit filed by Mr. Eliason in 2020. The claims in that case involved the same defendants involved in his subsequent suits: The Corporation of the President of the LDS Church, Kirton, and Dallin H. Oaks.[55]

Mr. Eliason has also repeated this pattern in Utah state court, wherein he has filed seven cases involving the same or similar claims and defendants all relating back to the handling of his

---

[52] *Id.*

[53] *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (internal quotation marks and citations omitted).

[54] Case Nos. 2:24-cv-00064-HCN, 2:24-cv-00072-HCN-JCB, 2:24-cv-00097-RJS-DAO, 2:24-cv-00115-TC-DBP.

[55] Case No. 1:20-cv-00024-RJS.

parents' estate and subsequent litigation. The Utah State Bar Office of Professional Conduct filed

a Notice of Vexatious Litigant Order on March 28, 2024, to notify the Court that on March 11,

2024, a Vexatious Litigant Order was entered against Mr. Eliason in Utah Third Judicial District

Court.[56] The Order took into consideration twelve cases filed by Mr. Eliason involving

overlapping claims, including the five federal court cases discussed above and seven state court

cases.[57] The Order also took into consideration a Colorado federal district court case,[58] a Hawaii

federal district court case,[59] and a Northern District of Texas federal case,[60] all of which involved

the same or similar defendants and overlapping claims related to the estate and subsequent

litigation.[61] Pursuant to Utah R. Civ. P. 83(b), the court entered the following restrictions on Mr.

Eliason's filings *inter alia*: obtain leave of the court before filing any future claim for relief in

any district court in Utah and obtain legal counsel before filing any future claim in any district

court in Utah.[62]

The claims here relate to Mr. Eliason's ongoing litigation as chronicled above. Mr.

Eliason has filed multiple cases and flooded those dockets with filings. Based on Mr. Eliason's

conduct in the cases in the District of Utah and in other courts, it is clear that he is a vexatious

litigant, and reasonable procedures are necessary to restrict future abuses.

---

[56] Docket No. 79.

[57] *Id.* at 2.

[58] Case No. 1:2020-cv-00959.

[59] Case No. 1:2020-cv-00257.

[60] Case No. 2:2020-cv-02747.

[61] Docket No. 79-1, at 3–4.

[62] *Id.* at 7.

The Court will enter the following restrictions, consistent with those previously upheld by the Tenth Circuit,[63] on Mr. Eliason in any case in which he is proceeding pro se:

1. Any new civil complaint Mr. Eliason submits to this court will be collected by the Clerk of the Court and sent to a Magistrate Judge for review.

2. The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.

3. If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.

4. Only with the Chief District Judge's consent will the complaint be filed.

5. Mr. Eliason's pleadings must be certified as provided in Fed. R. Civ. P. 11.

This serves as the required notice to Mr. Eliason concerning the proposed restrictions outlined above. Mr. Eliason's ability to be heard is provided through his ability to file an objection to this Notice. Further, Mr. Eliason is hereby notified that "[t]he notice and opportunity requirement does not . . . require an in-person hearing in the district court."[64] Mr. Eliason has ten days from the date of this order to file a written objection, limited to ten pages, to these proposed restrictions.[65] If he does not file a timely objection by that time, the filing restrictions will take effect. If he does file a timely objection, these filing restrictions will not take effect unless the Court rules against Mr. Eliason, in which case these filing restrictions shall apply to any filing with this Court after that ruling.

---

[63] *In re Raiser*, 293 F. App'x 619, 621 (10th Cir. 2008).

[64] *Tripati*, 878 F.2d at 354.

[65] *See Ysais*, 603 F.3d at 1181.

III. CONCLUSION

It is therefore

ORDERED that Parsons' Motion to Dismiss (Docket No. 3) is GRANTED; It is further

ORDERED that Defendants Judge Robert Faust and Judge Adam Mow's Motion to

Dismiss (Docket No. 4) is GRANTED; It is further

ORDERED that Defendant Judge Robert Shelby's Motion to Dismiss (Docket No. 42) is

GRANTED; It is further

ORDERED that this matter is dismissed in its entirety; It is further

ORDERED that Mr. Eliason is named a Vexatious Litigant and is subject to the

aforementioned restrictions.

        DATED May 29, 2024.

                BY THE COURT:

                _____

                TED STEWART
                United States District Judge